[Cite as *State v. Whitt*, 2026-Ohio-3012.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 31687 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| BRADLEY WHITT | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2025-05-1343 |

DECISION AND JOURNAL ENTRY

Dated: August 5, 2026

SUTTON, Judge.

{¶1} Defendant-Appellant, Bradley Whitt, appeals the judgment of the Summit County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

**Relevant Background**

{¶2} Due to the abuse of his girlfriend, Mr. Whitt was indicted on one count of felonious assault, in violation of R.C. 2903.11(A)(1)/(D)(1)(a), a felony of the second degree; one count of domestic violence, in violation of R.C. 2919.25(A)/(D)(4), a felony of the third degree; and one count of strangulation, in violation of R.C. 2903.18(B)(3)/(C)(3), a felony of the third degree. Mr. Whitt ultimately entered a guilty plea on all counts.

{¶3} Prior to sentencing, the trial court ordered a presentence investigation report ("PSI"). At the sentencing hearing, the trial court took the PSI into consideration and heard from the victim, Mr. Whitt, and counsel for both parties. The trial court merged the counts and the State

elected to move forward with sentencing on the count for felonious assault. Mr. Whitt was sentenced to an indefinite term of not less than 7 years and not more than 10 years, 6 months incarceration. The trial court also properly informed Mr. Whitt about post-release control.

{¶4} Mr. Whitt now appeals raising two assignments of error for our review.

## II.

### ASSIGNMENT OF ERROR I

**THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT IMPOSED THE MAXIMUM SENTENCE WITHOUT REQUISITE JUSTIFICATION.**

{¶5} In his first assignment of error, Mr. Whitt argues the trial court erred in imposing the "maximum sentence" for felonious assault, a felony of the second degree, without requisite justification.

{¶6} Notably, in spite of his argument, Mr. Whitt did not receive a "maximum" prison term. Pursuant to R.C. 2929.14(A)(2)(a), "[f]or a felony of the second degree committed on or after March 22, 2019, the prison term shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or *eight years* and a maximum term that is determined pursuant to section 2929.144 of the Revised Code[.]" (Emphasis added.) Here, however, Mr. Whitt received a minimum term of no less than 7 years, and did not receive the 8-year minimum as allowed under the statute.

{¶7} Moreover, the record reflects Mr. Whitt's PSI was reviewed by the trial court and was discussed in detail at the sentencing hearing prior to the trial court issuing Mr. Whitt's sentence. During this discussion, the State indicated:

> [Mr. Whitt], in the PSI-the State has concerns as well because he doesn't make a statement. He doesn't give any good reasons for why this would occur. He talks about his own abuse as a child. He talks about drugs. But when given an opportunity to speak about these offenses, he chose not to do so. He chose not to

show any insight. And while he says he's now ready to get clean, the reality of it is this is what he did to [the victim]. He put her in a situation where she could have died and where she is going to have long-term health issues as a result of these attacks.

As well on the State's end, the PSI shows that his record was actually even more significant than what I was aware of from my own investigation of his record and it raises additional concerns for the State and for the safety of the community.

. . .

And the State believes that under these circumstances, in light of his record, in light of the danger posed, in light of the lack of insight that he demonstrates in the PSI, and the absolute horrible severity of the injuries caused to the victim, who is still in fear of him, the State believes that a maximum sentence on the felonious assault with additional time for the strangulation would be the most appropriate.

So the State would ask for a 12-year sentence.

. . .

Mr. Whitt's counsel also addressed the PSI, arguing Mr. Whitt is "honest" in the PSI. The trial court, however, believed Mr. Whitt took "zero responsibility" through the PSI process, showing no remorse. Further, the trial court discussed Mr. Whitt's lengthy record beginning as a juvenile in 2006. The trial court then sentenced Mr. Whitt, as indicated above, to a minimum of 7-years and a maximum of 10 years, 6 months in accordance with Reagan Tokes.

{¶8} The PSI has not been included in the record for our review. Indeed, "[i]t is [Mr. Whitt's] responsibility to ensure that the record on appeal contains all matters necessary to allow this Court to resolve the issues on appeal." *State v. Farnsworth*, 2016-Ohio-7919, ¶ 16 (9th Dist.). *See also* App.R. 9. This Court has consistently held that, where the appellant has failed to provide a complete record to facilitate appellate review, we are compelled to affirm the trial court's judgment. *See Farnsworth* at ¶ 16.

{¶9} Thus, because the record before us does not contain the PSI, which was clearly relied upon by the trial court for sentencing purposes, we cannot review Mr. Whitt's assigned error.

{¶10}   Accordingly, Mr. Whitt's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT SENTENCED [MR. WHITT] WITHOUT PROPERLY GIVING HIM ALL THE REQUIRED NOTIFICATIONS CONCERNING POST-RELEASE CONTROL.**

{¶11}   In his second assignment of error, Mr. Whitt argues the trial court erred in failing to give him all the required notifications concerning post-release control.  Specifically, Mr. Whitt contends the trial court did not advise him whether his post-release control was mandatory or discretionary, the duration of the term, or that the parole authority would administer his post-release control.

{¶12}   The Supreme Court of Ohio has explained:

> It is established that "a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing." *State v. Jordan*, 2004-Ohio-6085, ¶ 23, *overruled on other grounds by Harper*. The trial court must advise the offender at the sentencing hearing of the term of supervision, whether postrelease control is discretionary or mandatory, and the consequences of violating postrelease control. *See Grimes*, 2017-Ohio-2927, at ¶ 11. Among other consequences, an offender's violation of a postrelease-control sanction or condition may result in the [Adult Parole Authority] imposing a prison term on the offender. R.C. 2967.28(F)(3). However, the maximum cumulative prison term for all violations under R.C. 2967.28(F)(3) "shall not exceed one-half" of the stated prison term originally imposed.

*State v. Bates*, 2022-Ohio-475, ¶ 11.  Here, at the sentencing hearing, the trial court explained, "[a]s to your release, upon completing your prison sentence you'll be facing 18 months to three years of mandatory post-release control, which is supervision by the Adult Parole Authority.  Any violations of those conditions would subject you to being returned to prison for up to half of your prison term for all violations of their rules and regulations."  Additionally, the trial court's journal entry includes the requisite post-release control notifications.  As such, the trial court did not err

in providing Mr. Whitt with the required post-release control notifications at the sentencing hearing or in its journal entry.

{¶13} Accordingly, Mr. Whitt's second assignment of error is overruled.

III.

{¶14} For the reasons stated above, Mr. Whitt's two assignments of error are overruled and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

FLAGG LANZINGER, P. J.
HENSAL, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

STEPHEN M. GRACHANIN, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.